```
                                              ____FILED      ____ENTERED
IN THE UNITED STATES DISTRICT COURT            ____LODGED    ____RECEIVED
     FOR THE DISTRICT OF MARYLAND
                                                  OCT 17 2005

                                                  AT _____
                                              CLERK U.S. DISTRICT COURT
                                                DISTRICT OF MARYLAND
                                              BY_____DEPUTY
```

LAMONT ALLEN                              :
                                           Civil Action No. DKC-05-2664

    Petitioner                            :   Criminal Action No. MJG-92-0347
                                          (ECF EXEMPT)

    v.                                    :

UNITED STATES OF AMERICA                  :

    Respondent

............oOo............

# MEMORANDUM

Petitioner, a federal prisoner, filed this Petition for Writ of Audita Querela under the All Writs Act, 28 U.S.C. §1651, seeking to correct his sentence for conspiracy to distribute heroin and other related crimes in light of United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296 (2004). The motion will construed pursuant to 28 U.S.C. § 2255 and dismissed without prejudice.

The United States Supreme Court stated in Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshal Service, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" In this case, Petitioner is collaterally attacking the validity of his sentence. As such, the proper vehicle by which to assert this challenge is a 28 U.S.C. §2255 motion, not the All Writs Act. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). Accordingly, the Petition will be construed as a Motion to Vacate, Set Aside or Correct sentence under §2255.



Petitioner's first 28 U.S.C. §2255 motion was denied and dismissed by Order entered May 9, 2001. See Civil Action MJG-01-1220 (D. Md. 2001). As such, the instant motion is a successive collateral challenge to his conviction and sentence. Successive motions under § 2255 may not be filed absent leave to do so from a federal Court of Appeals. See 28 U.S.C. §§2244(b)(3)(A) & 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

A petitioner may not evade the procedural requirements of a successive §2255 motion by creatively captioning his petition for relief. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The fact that Petitioner's motion is successive does not render the remedy afforded by §2255 inadequate or ineffective. See In re Vial, 115 F.3d at 1194 n. 5. Since Petitioner has not obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this successive 28 U.S.C. action, the motion must be dismissed for lack of jurisdiction. See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).[1]

---

[1] Several federal appellate courts have determined that Booker does not apply retroactively to cases on collateral review. See In re Olopade, 403 F.3d 159, 160 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139, 143 (2nd Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005). The United States Court of Appeals for the Fourth Circuit issued an unpublished decision in United States v. Fowler, 2005 WL 1416002 (June 17, 2005) (per curium) holding similarly. In this district, Gaulden v. U.S., CCB-04-292 (D. Md. 2005) has been issued consonant with the aforementioned cases.

Further, to the extent Petitioner relies on the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Shepard v. United States, 125 S. Ct. 1254 (2005), his reliance is misplaced. The United States Court of Appeals for the Fourth Circuit has held Apprendi does not apply retroactively on collateral review. See U.S. v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001). The Supreme Court has not explicitly made the principle announced in Shepard retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255. Nothing in Shepard suggests that it applies retroactively. See e.g. Vega v. Craig, 2005 WL 1388872 at *2 (N.D.N.Y., 2005) (holding that Shepard does not apply to cases already final); Olivas-Guitierrez v. United States, 2005 WL 1241871 at *4 (W.D.Tex. 2005) (same); Langley v. United States, 2005 WL 1114710 at *2 (M.D.N.C. 2005) (same); Morales v. United States, 2005 WL 807051 at *7 (D.Minn. 2005) (same).

Accordingly, the Petition will be dismissed by separate Order.

_Oct 13, 2005_
Date

_/s/ Deborah K. Chasanow_
DEBORAH K. CHASANOW
United States District Judge

3